OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
This holdover proceeding involves a section 8 lease agreement entered into by the parties in December 1994. Landlord contends that he terminated the section 8 lease in 1998 by refusing to sign a renewal lease, tenant then became a month-to-month tenant, and he served her with a 30-day notice to vacate in April 2000.
When the parties first entered into the lease in 1994, section 8 tenants had a statutory entitlement to continued occupancy absent good cause for eviction (see, 42 USC § 1437f [d] [1] [B] [as amended by Pub L 97-35, § 326 (e) (1981), 95 US Stat 357]; Mitchell v United States Dept. of Hous. & Urban Dev., 569 F Supp 701; see, Swann v Gastonia Hous. Auth., 675 F2d 1342). In 1996, the automatic renewal provision was changed so that, pursuant to 42 USC § 1437f (d) (1) (B) (ii) (as amended by Pub L 104-134, § 101 [e] [1996], 110 US Stat 1321, and Pub L 105-276, § 549 [a] [2] [A] [1998], 112 US Stat 2461), “during the term of the lease, the owner shall not terminate the tenancy except * * * for other good cause” (emphasis added). This change became permanent in 1998. However, there is no indication that it was intended to be applied retroactively to existing section 8 leases containing automatic renewal provisions.
Since the lease term automatically renewed, it did not convert into a month-to-month tenancy upon landlord’s refusal to sign a renewal lease. The only way landlord could have terminated the lease was for good cause shown pursuant to paragraph H of the lease addendum, which he failed to do. Moreover, since a section 8 tenancy can only be terminated upon specified grounds, landlord was required to plead the basis for his termination of the section 8 tenancy (see, Sanchez v Vierra, NYLJ, Nov. 12, 1997, at 29, col 4 [App Term, 2d & 11th Jud Dists]). In this case, neither the petition nor the 30-day notice states the basis for landlord’s termination of the *135 section 8 tenancy. Accordingly, the petition was properly dismissed.
Floyd, P.J., Doyle and Colabella, JJ., concur.